IN THE UNITED STATES DISTRICT COURT

FOR THE WESTERN DISTRICT OF WISCONSIN

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

MICHAEL BALL,

                                                               ORDER

                Petitioner,

                                               09-cr-59-bbc

       v.                                       16-cv-443-bbc

UNITED STATES OF AMERICA,

                Respondent.

- - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - - -

      Petitioner Michael Ball has moved for post conviction relief under 28 U.S.C. § 2255, contending that he was sentenced improperly in 2009, when he was found to be a career offender under § 4B1.1 of the sentencing guidelines. The motion must be denied because it is the second motion for post conviction relief that petitioner has filed under § 2255 and he has not obtained the necessary certification for filing. Before filing a second or successive motion, a person in petitioner's position must obtain certification from a panel of the Court of Appeals for the Seventh Circuit that the motion contains "newly discovered evidence that, if proven and viewed in light of the evidence as a whole would be sufficient to establish by clear and convincing evidence that no reasonable factfinder would have found the movant guilty of the offense" or that the motion is based on "a new rule of constitutional law made retroactive to cases on collateral review by the Supreme Court, that was previously unavailable." 28 U.S.C. § 2255(h).

In a letter from this court dated December 8, 2015, petitioner was advised of the need to obtain the necessary certification from the court of appeals to file the motion. He failed to do so, which means that his motion must be dismissed.

In any event, petitioner has no viable claim for post conviction relief. He contends that he was sentenced improperly as a career offender, but he is wrong. He meets all the qualifications: he was at least 18 at the time of commission of the offense of conviction; the offense of conviction was a felony that is either a crime of violence or a controlled substance offense; and he had at least two prior felony convictions of either a crime of violence or a controlled substance offense. U.S.S.G. § 4B1.1(a).

Petitioner admits that he had one prior felony conviction for a controlled substance offense but contends that he did not have a prior felony conviction for a crime of violence. In his view, his prior conviction for the crime of substantial battery-intend bodily harm does not qualify as a crime of violence. A look at the applicable statute shows that he is mistaken. He was charged under Wis. Stat. § 940.19(2), which provides that "[w]hoever causes substantial bodily harm to another by an act done with intent to cause bodily harm to that person or another is guilty of a Class I felony." It is indisputable that causing substantial bodily harm to another is a crime of violence. It meets the guidelines' definition of such a crime as having "as an element the use, attempted use, or threatened use of physical force against another." U.S.S.G. § 4B1.2(a)(1). United States v. Peters, 462 F.3d 716, 720 (7th Cir. 2006).

ORDER

IT IS ORDERED that petitioner Michael Ball's motion for post conviction relief under 28 U.S.C. § 2255 is DENIED because he has not obtained the necessary certification under 28 U.S.C. § 2255(h) from a panel of the Court of Appeals for the Seventh Circuit.

Entered this 26th day of July, 2016.

                                                    BY THE COURT:
                                                    /s/
                                                    BARBARA B. CRABB
                                                    District Judge